

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/22/2011

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JANE RASHAD, | ) | CASE NO. 10-34549-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| JANE RASHAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 10-3433 |
| | ) | |
| J. MICHAEL KELLY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an initial status conference in the above captioned adversary proceeding.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jane Rashad ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 30, 2010.

In the complaint in the instant adversary proceeding, Debtor seeks a declaratory judgment determining that a constable's sale, conducted on March 2, 2010, of real property

located at 2341 Maroneal Street, Houston, Texas, is void as a matter of law, and determining that the property belongs to Debtor.  Debtor asserts that the sale, conducted at the instance of Defendant J. Michael Kelly, at which Defendant Garza Properties LLC dba Garza Maldonado Properties LLC ("Garza") purchased the property, is void.

Kelly has filed an answer.  (Docket No. 13).  Garza filed an answer (Docket No. 14), a counterclaim against Debtor (Docket No. 15), and a cross-claim against Kelly (Docket No. 16).

Garza also filed third party claims against JP Morgan Chase Bank, National Association ("Chase"); Mohammed Rashad; Frank Salz, dba Law Office of Salz & Salz; Lailah Suki; David Kohn, Individually, and David Kohn, Trustee; and Mark Rosetta. (Docket No. 17).  In Garza's third party complaint, Garza seeks a declaratory judgment determining that the constable's deed to Garza extinguished all of the previously-recorded liens against the property.

On December 1, 2010, Chase filed a "Third Party Defendant's Motion to Dismiss Or, Alternatively, to Strike Third Party Complaint".  In the motion, Chase asserted that the third party complaint filed by Garza was a separate and independent claim from those alleged by Debtor against Kelly and Garza. (Docket No. 27)

Chase' motion was resolved through the entry of an agreed order dismissing without prejudice Garza's claims against Chase.  (Docket No. 48).

On November 24, 2010, Lailah Suki, pro se, moved to dismiss.  (Docket No. 25).  Suki's motion does not articulate a rationale under applicable law for dismissal.

## Conclusions of Law

Under the "permissive abstention" doctrine, 28 U.S.C. § 1334(c)(1), courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law."  Matter of Gober, 100 F.3d 1195 (5th Cir. 1996).

Under Rule 14(a)(1), Fed. R. Civ. P., as made applicable by Rule 7014, Fed. R. Bankr. P., an entirely separate and independent claim cannot be brought against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim." United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir. 1967).  In the instant case, the third party claims brought by Garza are separate and independent claims from those brought by Debtor against Kelly and Garza.  This court concludes that it should abstain from consideration of the third party claims brought by Garza against Mohammed Rashad; Frank Salz, dba Law Office of Salz & Salz;

Lailah Suki; David Kohn, Individually, and David Kohn, Trustee;

and Mark Rosetta.[1]

Based on the foregoing, a separate conforming Judgment

will be entered.

Signed at Houston, Texas on February 22, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1]The court notes that the third party complaint has
previously been dismissed as to Chase.